## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TORNIKE DAUSHVILI,                                )
                                                  )
    Petitioner,                          )
                                                  )
v.                                                )          Case No. CIV-26-100-D
                                                  )
MARKWAYNE MULLIN[1], *et al.*,                    )
                                                  )
    Respondents.                         )

## ORDER

Petitioner Tornike Daushvili filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 15]. Petitioner is a citizen of Belarus who entered the United States on or about September 8, 2022. *Id.* at p. 1. Petitioner was released from custody "shortly thereafter," and filed an application for asylum. *Id.* at p. 3. However, Petitioner was re-detained on or about September 24, 2025, and has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. *Id.* at p. 3-4. He is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at p. 4.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Amended Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he is not an arriving alien, as he was residing in the interior of the United States when he was re-

---

[1] Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security on March 24, 2026. Pursuant to Fed. R. Civ. P. 25(d), Secretary Mullin is substituted for former Secretary Noem as the proper party.

detained, and is not "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 15]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that his continued detention without a bond hearing violates his due process rights. *Id.* Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). *Id.*

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 19], and Petitioner filed a reply [Doc. No. 20]. Thus, the matter is fully briefed and at issue.

First, Respondents assert that Petitioner's Amended Petitions should be dismissed without prejudice for failing to assert specific claims or grounds for relief. [Doc. No. 19].

Reviewing the Amended Petition, the undersigned concludes Petitioner has adequately raised statutory and constitutional challenges to his detention. [Doc. No. 15]; *see also Akhalaia v. Figueroa*, No. CIV-26-133-R, 2026 WL 637620, at *2 (W.D. Okla. Mar. 6, 2026) ("The Court finds the allegations in the Petition and arguments in his Reply sufficient to raise the "§ 1225 and § 1226 issue,' as Respondents put it, and thus sufficient for the Court to determine Petitioner's case on the merits.")

Next, Respondents assert that Petitioner's claims against Respondent Alejandro N. Mayorkas in his official capacity as "the head of DHS" should be dismissed because Mr. Mayorkas was not head of DHS when Petitioner was re-detained, and thus, Petitioner alleges no plausible claim against Respondent Mayorkas. [Doc. No. 19, at p. 6-7]. Petitioner does not respond to Respondents' argument that the claims against Respondent Mayorkas, in his official capacity, should be dismissed. Accordingly, pursuant to

2

LCvR7.1(g), Respondents' request that Petitioner's claims against Respondent Mayorkas be dismissed is deemed confessed.

Respondents also assert § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[2] *See Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL

---

[2] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[3] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

---

[3] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS FURTHER ORDERED** that Petitioner's claims against Respondent Mayorkas, in his official capacity, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 8th day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge